(No. 3632—

SUN LIFE INSURANCE COMPANY OF AMERICA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*
*Rehearing denied September 9, 1942.*
*Supplemental opinion filed March 10, 1943.*
*Rehearing denied April 15, 1943.*

JACOB M. MOSES, of Baltimore, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Complaint alleges that claimant is a Maryland corporation, doing life insurance business in Illinois since 1937. That

prior to June 1, 1941, every company doing a life insurance business in Maryland was required to pay an annual license fee of Three Hundred Dollars ($300.00), which was reduced April 23, 1941, effective June 1, 1941, to Ten Dollars ($10.00), so that subsequent to June 1, 1941, Illinois life insurance companies were required to pay only Ten Dollars ($10.00) as an annual license fee to do business in Maryland. That prior to June 1, 1941, claimant was required to pay to the State of Illinois an annual license fee of Three Hundred Dollars ($300.00) for authority to do business in Illinois under Article XXVIII, Section 444 (retaliation) of the Illinois Insurance Code (1939). That since the passage of the Maryland Statute, Maryland companies should be required to pay an annual license fee in Illinois of Ten Dollars ($10.00).

That in February, 1941, claimant received a bill from the Department of Insurance of the State of Illinois for the annual renewal fee for a certificate of authority to do business in Illinois amounting to Three Hundred Dollars ($300.00) for the year beginning July 1, 1941, and ending June 30, 1942. That said bill was promptly paid by claimant, though not due and payable until June 30, 1941, for the period beginning July 1, 1941.

That Two Hundred Ninety Dollars ($290.00) more was paid to the State of Illinois than was due and payable for the renewal of the license to do business, and a refund is requested.

This case presents the identical facts present in the case of *Eureka-Maryland Assurance Corporation, a corporation, claimant,* vs. *State of Illinois, respondent,* No. 3627; and, as was indicated in that case, it is the opinion of this court that the claim is a proper one to be allowed on its merits.

However, the complaint filed does not comply with paragraphs 5(a), 5(b) and 6(a) of the rules of this court. Claimant, however, can amend its complaint to correct these defects.

Respondent's motion to dismiss is therefore sustained; claimant is given thirty days in which to amend its complaint; respondent is given thirty days thereafter to file its answer; and in the event claimant declines or fails so to amend, this order dismissing the claim shall become final.

SUPPLEMENTAL OPINION.

FISHER, J.

This claim now comes before the court on its merits.

Claimant seeks a refund of Two Hundred and Ninety Dollars ($290.00) overpayment of license fee for the year beginning July 1, 1941, and, the facts as stated in the complaint are, in substance, admitted by stipulation.

The facts in this case are identical with the case of *Eureka-Maryland Assurance Corporation, a Corporation* vs. *State,* No. 3627, in which case the law applicable to such facts were discussed at length in our opinion of this March term, 1943, and are controlling herein. We concluded in that case that payment was made under a mistaken set of facts and, as such, entitles claimant to a refund of the excess payment.

An award is, therefore, entered in favor of claimant, Sun Life Insurance Company of America, in the sum of Two Hundred and Ninety Dollars ($290.00).

ECKERT, J., dissenting:

The law is well settled that a tax voluntarily paid cannot be recovered in the absence of a statute authorizing such recovery. *Oswald Jaeger Baking Company* vs. *State of Illinois,* 11 C. C. R. 119; *Orchard Theater Corporation* vs. *State of Illinois,* 11 C. C. R. 271. Furthermore, this court has held in a long line of decisions that an award cannot be made solely on the basis of equity and good conscience and can be made by this court only where claimant would be entitled to redress against the State either at law or in equity if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Garbutt* vs. *State,* 10 C. C. R. 37.